```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

JAMIE MCCLUNG and
MICHAEL MCCLUNG

       Plaintiffs

v.                                Civil Action No. 2:06-0336
                                  (Lead case)

LABORATORY CORPORATION OF
AMERICA HOLDINGS, and
RAINELLE MEDICAL CENTER, INC.
a West Virginia Corporation and
JOAN W WORTHINGTON, D.O.

       Defendants

and

JAMIE MCCLUNG and
MICHAEL MCCLUNG

       Plaintiffs

v.                                Civil Action No. 2:06-0337
                                  (Consolidated case)

LABORATORY CORPORATION OF
AMERICA HOLDINGS

       Defendant

## MEMORANDUM OPINION AND ORDER

Pending is the plaintiffs' motion to consolidate these civil actions, filed July 14, 2006.

Federal Rule of Civil Procedure 42(a) provides as follows:

    (a) Consolidation. When actions involving a common

> question of law or fact are pending before the court,
> it may order . . . all the actions consolidated; and it
> may make such orders concerning proceedings therein as
> may tend to avoid unnecessary costs or delay.

Fed. R. Civ. Proc. 42(a).

Our court of appeals has given the district courts a wide berth on questions arising under Rule 42(a), recognizing the superiority of the trial court in determining how best to structure similar pieces of litigation.  See A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co., 559 F.2d 928, 933 (4th Cir. 1977) ("District courts have broad discretion under F.R.Civ.P. 42(a) to consolidate causes pending in the same district.")  Nevertheless, the court of appeals has also provided guidelines for district courts engaging in the discretionary exercise.  See Arnold v. Eastern Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982):

> The critical question for the district court in the
> final analysis was whether the specific risks of
> prejudice and possible confusion were overborne by the
> risk of inconsistent adjudications of common factual
> and legal issues, the burden on parties, witnesses and
> available judicial resources posed by multiple
> lawsuits, the length of time required to conclude
> multiple suits as against a single one, and the
> relative expense to all concerned of the single-trial,
> multiple-trial alternatives.

Id. at 193.

Although there are often risks of confusion and prejudice attendant to a consolidation, the potential for inconsistent adjudications is an overriding concern here.  The complaints in the two actions overlap to a great extent.

The court is unaware of any significant burden consolidation might visit upon the parties, witnesses, or available judicial resources.  Indeed, each party who has appeared believes consolidation is appropriate.  Further, each of those entities, and court resources, would be impacted negatively by separate actions.  For example, the witnesses would be troubled with providing testimony or other proof for two substantially identical cases.  The length of time required to resolve each of these actions separately also militates strongly in favor of consolidation, as does the fact consolidation will likely result in economies of scale that will reduce the relative expense to all concerned.

Based upon the foregoing, consolidation is appropriate. The court, accordingly, ORDERS the above-styled civil actions be, and they hereby are, consolidated.  The first-filed action is designated as the lead case.  All further filings shall be captioned and docketed in that case.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: July 18, 2006

John T. Copenhaver, Jr.
United States District Judge